UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>FAUSTINO GOMEZ,<br><br>                Defendant. | NO. CR-11-6004-LRS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER AND DEFENDANT'S MOTION TO DISMISS** |

BEFORE THE COURT, at the scheduled motion hearing on April 20, 2011 in Yakima, is Defendant's Motion to Reconsider Motion to Dismiss, Ct. Rec. 39, filed March 23, 2011. The Court denied Defendant's Motion to Dismiss, Ct. Rec. 28, on March 15, 2011 in its Order Denying Defendant's Motion to Dismiss and Excluding Speedy Trial Act Time. Ct. Rec. 37. Assistant United States Attorney Alexander Ekstrom appeared on behalf of the Government; Alison Guernsey appeared on behalf of Defendant Gomez.

After considering the arguments of the parties, the court indicated Defendant's Motion to Reconsider would be taken under advisement.

**A.    BACKGROUND FACTS**

On July 31, 2001, the Defendant, Faustino Gomez, was ordered deported.[1]  The Defendant waived appeal of the IJ Order. *Id*. The

---

[1] Ct. Rec. 33, Attachment A (Order of the Immigration Judge, dated July 31, 2001).

ORDER - 1

Defendant was deported from Paso Del Norte.[2] The Defendant illegally returned to the United States. On January 17, 2006, the Defendant was served with a Notice to Appear which was written in English only, alleging that he was an alien present in the United States without having been properly admitted, and additionally alleging that he had committed a crime of moral turpitude.[3]

The Defendant waived his right to have a 10-day period prior to appearing before an immigration judge, and requested an immediate hearing.[4] On January 19, 2006, the Defendant was served with a Notice to Appear that was written in English only, alleging that he was an alien present in the United States without having been properly admitted, but without the additional allegation of a crime of moral turpitude.[5] The Defendant again waived his right to have a 10-day period prior to appearing before an immigration judge, and requested an immediate hearing.[6] That same day, January 19, 2006, rather than contest his deportability, the Defendant conceded the issue in a four-page waiver of

///

///

---

[2] Ct. Rec. 33, Attachment B (Form I-205, Warrant of Removal/Deportation.

[3] (Ct. Rec. 29-1) (Exhibit A)(Form I-862, dated January 17, 2006).

[4] Id.

[5] (Ct. Rec. 29-1)(Exhibit B)(Form I-862, dated January 19, 2006).

[6] Id.

ORDER - 2

hearing.[7] In this form, he acknowledged, among other rights, his right to a hearing and his right to seek relief from deportation, but indicated that he was giving up these rights and wished to be immediately returned to his country of citizenship, Mexico.[8] The form was presented in both English and Spanish. Defendant Gomez was ordered deported, without appearing before an IJ, based on his admissions and waiver.[9] The Defendant waived appeal of the IJ Order.[10] Defendant was deported on the day the order was signed.[11]  On January 11, 2011, the Defendant was charged in this district with being an Alien in the United States After Deportation, under 8 U.S.C. § 1326.

**B.   Gomez's Argument Re: Invalid Waivers**

Defendant Gomez requests that this Court reconsider his motion to dismiss the indictment, and consider his new Affidavit signed March 22, 2011 ("new Affidavit"), in support of his motion for reconsideration.

---

[7] (Ct. Rec. 29-1)(Exhibit C)(Respondent's Stipulated Request For Order; Waiver Of Hearing Pursuant To 8 CFR 3.25(b), dated January 19, 2006).

[8] Id.

[9] (Ct. Rec. 29-1)(Exhibit D)(Order of the Immigration Judge, dated January 20, 2006).

[10] Id.

[11] (Ct. Rec. 29-1)(Exhibit E)(Form I-205, Warrant of Removal/Deportation, executed January 20, 2006).

ORDER - 3

Defendant argues that his 2006 removal from the United States via a stipulated order of removal violated his right to due process of law because he never validly waived his right to appear before an Immigration Judge ("IJ") and apply for relief from removal. Defendant asserts that he was unrepresented at the time of the removal proceedings. He also argues that the Immigration Judge was required to inquire if he desired to have counsel despite his written waiver of his right to counsel and whether his signed waiver was voluntary, knowing, and intelligent pursuant to 8 C.F.R. § 3.25(b)(now 8 C.F.R. § 1003.25).

In Defendant's new Affidavit (Ct. Rec. 40-1, Exh. J), submitted after the Court ruled on his motion to dismiss and over the objection of the Government,[12] Defendant advises that although he attended school through the 6th grade in his home country of Mexico, his reading comprehension skills are below an equivalent 6th grade education level in the United States. Defendant states although he learned how to read and recognize words, he has trouble understanding what he has read. In his new Affidavit, however, Defendant states that he never read the form that the immigration officer read to him.[13] Defendant argues that he was

---

[12]The Government provided no authority to preclude the Court from considering the supplemental facts set forth in the new Affidavit.

[13]The Notice To Respondent erroneously dated 1/17/05 rather than 1/17/06 (Ct. Rec. 29-1) specifically recited that it had been read to the defendant in Spanish. The document was signed by the special agent handling the defendant's deportation.

ORDER - 4

denied the right to retain counsel and the IJ in his case never addressed his waiver of the right to counsel. Further, Defendant asserts the IJ never engaged in a colloquy, which he/she is required to do since he was unrepresented, to determine if his waivers were voluntary, knowing, and intelligent.

In his new Affidavit, Defendant additionally states he does not remember having the form in his hands while it was being read to him and many others held in the cell with him. Defendant also states that the immigration officer told him that if he signed the form, he could be immediately deported. Ct. Rec. 40-1. Defendant states that the entire process lasted less than forty-five minutes. Defendant states he did not speak to an attorney, and nobody explained his rights during the process, i.e., right to voluntary departure, right to appeal, right to counsel. Defendant concludes if he had understood the rights that he was giving up by signing the form, and eligibility for voluntary departure at a removal hearing, he would not have given up his right to appear before an IJ. Defendant states he was prejudiced by the due process violation because he was in fact eligible for voluntary departure.

**C.  Analysis**

Under 8 U.S.C. § 1326(a), an alien is criminally liable if he is found in the United States after he "has been denied admission, excluded, deported, or removed," without consent of the Attorney General or other advance consent. "In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for

judicial review of the underlying deportation." *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir.1998), *overruled on other grounds by United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir.2002) (en banc). If the district court finds that "(1)[the defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects," the deportation stemming from the defective proceedings may not be used to prove the defendant violated § 1326. *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir.2010) (quoting *United States v. Palares-Galan*, 359 F.3d 1088, 1095 (9th Cir.2004)); *see generally United States v. Mendoza-Lopez*, 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987).

Defendant Gomez moves the Court to dismiss the § 1326 charge against him because the deportation relied upon in the Indictment violated his due process rights. Mr. Gomez argues first, that he was denied due process during the 2006 deportation proceedings because the IJ did not make a pre-removal finding that he voluntarily, knowingly, and intelligently waived his right to a hearing, right to counsel, and right to appeal; and second, that he was prejudiced by this due-process denial because it prevented him from seeking voluntary departure.

The Government disputes that the underlying deportation proceedings were defective and argues that Mr. Gomez has not demonstrated prejudice. Defendant, on the other hand, argues, citing *Rivera-Cuartas v. Holder*, 605 F.3d 699 (9th Cir.2010), that he could have requested voluntary departure because Mr. Gomez's Arizona conviction for Second Degree

ORDER - 6

Attempted Sexual Conduct with a Minor Under the Age of 15 in violation of ARS 13-1405 does not meet the generic definition of sexual abuse of a minor such that it amounts to an aggravated felony.

The question raised by the defendant's Motion to Dismiss is whether *Ramos, supra*, requires the IJ to have an oral colloquy with the defendant before the judge can conclude that the defendant's waiver of counsel is "knowing and voluntary." Defendant states in support of his motion for reconsideration that no one, including the IJ, inquired about his desire to have counsel, in direct contradiction to paragraphs 3 and 4 of the "Stipulated Request For Removal Order and Waiver of Hearing," where Mr. Gomez certifies that all the information he has given in the stipulated request is true and correct, including the following information given in Spanish and English:

> 3. I have also received a Legal Aid Services list.
> *Tambien he recibido una lista de Servicios de Asistencia Legal.*
>
> 4. I have been advised of my right to be represented by an attorney of my choice, at my own expense, during these proceedings. I waive this right. I will represent myself in these proceedings.
> *Se me ha informado sabre mi derecho de ser representado por un abogado de mi eleccion a costa propio, durante estos procedimientos. Yo renuncio voluntariamente este derecho. Yo me representare a mi mismo en estos procedimientos.*

Ct. Rec. 29-1, Exh. C.

The Ninth Circuit explained in *Ramos*:

> "Although there is no Sixth Amendment right to counsel in an immigration hearing, Congress has recognized it among the rights stemming from the Fifth Amendment guarantee of due process that adhere to individuals that are the subject of removal proceedings." *Tawadrus v. Ashcroft*, 364 F.3d 1099,

ORDER - 7

> 1103 (9th Cir.2004). " 'Although IJs may not be required to undertake Herculean efforts to afford the right to counsel, at a minimum they must [(1)] inquire whether the petitioner wishes counsel,[(2)] determine a reasonable period for obtaining counsel, and [(3)] assess whether any waiver of counsel is knowing and voluntary.' " *Ram v. Mukasey*, 529 F.3d 1238, 1241-42 (9th Cir.2008) (alterations in original) (*quoting Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir.2005)).

*Ramos*, 623 F.3d at 682.

Of significance, the Court in *Ramos* did not invalidate 8 C.F.R. § 1003.25 which permits removal without the necessity of the parties appearing before the immigration judge. The question raised by defendant's Motion to Dismiss is whether *Ramos* requires the IJ to have an oral colloquy with the defendant in all cases before the immigration judge can conclude that his waiver of counsel is knowing and voluntary.

As noted previously, the facts in *Ramos* involved independent evidence of a problem with the Spanish translation that was utilized as part of the deportation proceeding. In the current case, the defendant's affidavits directly attack a waiver document written in his native language which he had the opportunity to read and, insofar as known, did not question before signing in 2006 after the contents were explained to him in his native language. Given his level of education as appears in the record and the fact that the requirements of 8 C.F.R. § 1003.25 were not invalidated by the 9th Circuit, the defendant's Motion to Reconsider is respectfully DENIED.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Reconsider, **Ct. Rec. 39,** is **DENIED.**

ORDER - 8

2. Defendant's Motion to Dismiss, **Ct. Rec. 28**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to all counsel, the U.S. Probation Office, the U.S. Marshal, and the Jury Administrator.

**DATED** this ___2nd___ day of May, 2011.

*s/Lonny R. Suko*
_____
  LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 9